**William G. Madsen**
Pro Hac Vice (pending)
wmadsen@mppjustice.com
**Madsen, Prestley & Parenteau, LLC**
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

And

**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **BRUCE WEINBERG,** | Case No. 6:24-cv-673 |
| **Plaintiff,** | COMPLAINT |
| v. | (Employment discrimination and retaliation, Title VII, ADEA, and supplemental Oregon claims) |
| **PACIFICSOURCE HEALTH PLANS,** | |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |

1. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and supplementary state claims. Plaintiff seeks damages, equitable relief, and attorneys' fees and costs.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 concerning all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

    a. On or about May 24, 2023, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI CRD), case number EEEMRE230519-70700, for Oregon Unlawful Employment Practices O.R.S. Chapter 659A, specifically O.R.S. 659A.030(1)(a), ORS 659A.030(1)(b) and ORS 659A.030(1)(f).

2. COMPLAINT AND DEMAND FOR JURY TRIAL

| Law Offices of Daniel Snyder | Madsen, Prestley & Parenteau, LLC |
| --- | --- |
| Attorneys at Law | 402 Asylum Street |
| 1000 S.W. Broadway, Suite 2400 | Hartford, Connecticut 06103 |
| Portland, Oregon 97205 | Telephone: (860) 246-2466 |
| (503) 241-3617 Fax (503) 241-2249 | |

  b. BOLI CRD co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2023-00701, for violating Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

  c. On January 22, 2024, BOLI issued Plaintiff a Notice of Right to File A Civil Suit for case number EEEMRE230519-70700.

  d. On February 8, 2024, the EEOC issued Plaintiff a right-to-sue letter for charge number 38D-2023-00701.

  e. Plaintiff has commenced this action within 90 days of receiving the BOLI CRD and EEOC notices of suit rights.

5. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

6. Plaintiff Bruce Weinberg (hereafter "Plaintiff" or "Mr. Weinberg") is a United States citizen and an Oregon resident. Plaintiff is a male person. His religion is Jewish.

7. Defendant PacificSource Health Plans (hereafter "Defendant" or "PacificSource") is a nonprofit corporation organized under the laws of Oregon. Defendant maintains its headquarters at 555 International Way, Springfield, Oregon 97477.

8. Defendant PacificSource qualifies as an employer and is subject to the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Oregon Revised Statutes, Chapter 659A.

9. Defendant PacificSource has more than 1000 employees.

3. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

10. As alleged herein, all acts of Defendant's employees Jacquelyn Hanners, Justin Russell, Lee Dawson, Susan McMaster, Sara Salo, Sarah Sather, and Tara Cook occurred within the course and scope of their employment with Defendant.

### IV. GENERAL FACTUAL ALLEGATIONS

11. At all times material, Defendant also did business in Deschutes County, Oregon. Defendant had a place of business or office at 2965 NE Conners Avenue, Bend, Oregon

12. On June 13, 2022, Plaintiff commenced working as a Copywriter III for Defendant. Defendant hired Plaintiff to work in its Bend office.

13. After having been employed with Defendant for several months, Plaintiff began receiving abusive and hostile treatment from a co-worker, Jacquelyn Hanners (hereafter "Hanners"). Hanners' position was Social Media Manager.

14. Hanners' hostility toward Plaintiff manifested in various forms. Hanners directed hostile emails to Plaintiff. Hanners behaved in a hostile manner toward Plaintiff during staff meetings. Over several months, Hanners' hostility continued to grow.

15. On October 27, 2022, during a company conference, Hanners verbalized death threats against Plaintiff several times during the call.

16. Plaintiff was concerned about Hanners' threats and the possibility that Hanners' abusive and hostile behavior might escalate to physical violence against him. On November 4, 2022, during a one-on-one status call with his immediate supervisor, Justin Russell, the Creative Director, Plaintiff followed company policy and reported Hanners' threats and other conduct to Russell. Plaintiff told Mr. Russell that during the October 7, 2022, conference call, Hanners had

4. COMPLAINT AND DEMAND FOR JURY TRIAL

| Law Offices of Daniel Snyder | Madsen, Prestley & Parenteau, LLC |
|---|---|
| Attorneys at Law | 402 Asylum Street |
| 1000 S.W. Broadway, Suite 2400 | Hartford, Connecticut 06103 |
| Portland, Oregon 97205 | Telephone: (860) 246-2466 |
| (503) 241-3617 Fax (503) 241-2249 | |

made several threats to kill Plaintiff. Plaintiff explained to Mr. Russell that Hanners' hostility toward him was causing him great anxiety and stress. Plaintiff explained that following Hanners' threats to kill him, his distress was physically manifesting as insomnia and stomach issues. Russell asked Plaintiff what he wanted him to do about Hanners. Plaintiff told Mr. Russell he wanted Hanners' threats on the record.

17.     Hanners' abusive treatment of Plaintiff escalated after the call on October 27, 2022, and Plaintiff's report to Russell. Hanners continued to harass Plaintiff. Her conduct included sending condescending and demeaning emails to Plaintiff, and making offensive remarks in Workfront proofs, a system that was visible to many of Plaintiff's co-workers. Hanners repeatedly told Plaintiff that his work product "didn't make sense, was boring, and was wasting her time."

18.     Hanners' assaults on Plaintiff's work product became increasingly more hostile and aggressive. Eventually, Hanners' conduct caught the eye of Hanners' direct supervisor, Lee Dawson, Susan McMaster, the Head of the Marketing Department, as well as Mr. Russell. All three of Defendant's managers acknowledged that Hanners' abusive remarks were unprofessional, aggressive, and "over-the-top." Dawson, Russell, and McMaster assured Plaintiff that management had spoken to Hanners several times about her unprofessional and overly aggressive behavior. However, despite management's acknowledgment of Hanners' history of abuse, Defendant failed to protect Plaintiff from the abusive treatment, which continued.

19.     On March 23, 2023, Hanners emailed Plaintiff. In that email, Hanners wrote Plaintiff in a manner that was the equivalent of email shouting. Hanners wrote "Bruce, I'm not

5. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

sure how many times I need to reiterate the instructions on this project. I'm now doing it for the third time, and I'm sensing that listening, reading, and comprehension is not a strength of yours. **<u>DO NOT ADD additional hyperlinks to the template.</u>** FULL STOP, ROGER WILCO, OVER and OUT."

20.     After receiving Hanners' March 23, 2023, aggressive email, Plaintiff had enough. Plaintiff forwarded Hanners' email string to Russell. Plaintiff informed Russell that he had had enough of Hanners' hostility and abusive behavior. Plaintiff informed Russell that Plaintiff was making a complaint to Human Resources about Hanners. Russell acknowledged Plaintiff's complaint and concurred that Hanners behavior was wrong. Russell added that he would have reported such behavior to Human Resources himself, if it were directed at him. Russell's response implied that he had failed to contact Human Resources about Hanners in 2022 when Plantiff brought Hanners conduct to Russell's attention.

21.     On March 24, 2023, Plaintiff emailed a complaint to Sara Salo, Human Resources Manager for the Marketing Communications team. In his complaint, Plaintiff explained that he was concerned about multiple and escalating verbal and written attacks by Hanners that were causing stress and anxiety to the degree that he was experiencing physical distress, including sleeplessness and stomach issues. Plaintiff wrote that he had already reported the abusive behavior to his supervisor, Mr. Russell, on each occasion. Mr. Russell was copied on the email to Ms. Salto.

6. COMPLAINT AND DEMAND FOR JURY TRIAL

22.     On March 24, 2023, Mr. Russell emailed Ms. Salo. Russell wrote that he had conferred with Hanners' supervisor, Mr. Dawson, regarding Hanners' continued harassment and threatening behavior toward Plaintiff.

23.     Later that day, March 24, 2023, Plaintiff received an acknowledgment from Ms. Salo, who assured him that the issues would be addressed in a timely manner. Solo advised Plaintiff that other members of the Human Resources Department would be in touch with him the following week.

24.     The following week, on March 28, 2023, Plaintiff was interviewed by Sarah Sather and Tara Cook of Defendant's Human Resources Department for approximately one hour. On March 28, 2023, Plaintiff gave them detailed information regarding Hanners' abusive behavior, including the death threats she had made on October 27, 2022. Plaintiff told Sather and Cook that he did not feel safe at work because Hanners had made multiple threats to kill him. Plaintiff also told Sather and Cook that he felt much of Hanners' animosity was based on his male gender, his Jewish religion, race or national origin, and his age. Plaintiff also explained to Sather and Cook that Hanners' harassment was so stressful it was affecting his physical well-being, causing him to have to consult with his primary care physician and a therapist.

25.     On March 28, 2023, Ms. Sather and Ms. Cook informed Plaintiff that they would be investigating the situation further and would speak with all the individuals he named in his complaint, including Mr. Russell, Ms. McMaster, Mr. Dawson, and Hanners. They assured Plaintiff that they would follow up with him regarding the investigation as soon as possible.

7. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

26. On March 30, 2023, Plaintiff provided Ms. Sather and Ms. Cook with examples of the abusive emails sent to him by Hanners.

27. On or about April 5, 2023, Plaintiff received a surprising announcement about Hanners. Defendant sent out a widely distributed email to employees recognizing Hanners as an employee who "above all else most demonstrated the company values."

28. Approximately two weeks after his first meeting with Sather and Cook, Plaintiff again met with them to discuss the investigation's findings. During that meeting, Ms. Sather informed Plaintiff that they found that Hanners' behavior was highly inappropriate, unprofessional, and against Defendant's policy. They recognized that this behavior was hurtful and harmful to him and told him Hanners would be disciplined for her behavior. However, Ms. Sather informed Plaintiff further that they did not believe Hanners' behavior reached the threshold of creating a hostile work environment. During that meeting, Plaintiff once again raised the issue of Hanners' behavior showing a bias toward him because he was male, older, and Jewish. Ms. Sather and Ms. Cook then ended the meeting, informing Plaintiff that the investigation was closed but that he should report any further hostile behavior by Hanners.

29. On April 21, 2023, within days after his second meeting with Ms. Sather and Ms. Cook, Plaintiff met with Mr. Russell for their weekly one-on-one status conference. Mr. Russell conferenced in Ms. McMaster and informed Plaintiff that his work performance was deficient. Russell and McMaster told Plaintiff he was being placed on a Corrective Action Plan. Russell and McMaster was explained that this was a 30-day performance improvement plan and that if his performance did not reach the level set out in the Corrective Action Plan, his employment

8. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder  
Attorneys at Law  
1000 S.W. Broadway, Suite 2400  
Portland, Oregon 97205  
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC  
402 Asylum Street  
Hartford, Connecticut 06103  
Telephone: (860) 246-2466

would be terminated. Mr. Russell then handed Plaintiff the Corrective Action Plan form and insisted that Plaintiff sign it. Since Russell's adverse action came so closely on the heels of Plaintiff's complaint to Human Resources, Plaintiff told Russell that he felt the proposed Corrective Action was in retaliation for having made a complaint about Hanners. The Plaintiff declined to sign the Corrective Action Plan at that time. Russell told Plaintiff he had until Monday to sign and return the form.

30. On April 27, 2023, Plaintiff signed the Corrective Action Plan as he had no choice but to do so. On April 27, 2023, as Plaintiff handed Russell the signed Corrective Action form, Plaintiff told Russell that it was obvious that he was being set up to fail. On April 27, 2023, Plaintiff also sent a memo to Sara Salo, writing that he was signing the document under duress and disagreed with the statements made in the Corrective Action Plan. The Plaintiff also wrote that the Corrective Action Plan was being imposed in retaliation for having made a complaint about Hanners' threatening and hostile treatment of him.

31. Defendant retaliated further against Plaintiff for his reports of discrimination. Defendant's Human Resources Department contacted Plaintiff. Defendant's Human Resources representative told Plaintiff that Defendant was investigating his statements in rebuttal to the Corrective Action Plan, including his statement that he was coerced into signing the Corrective Action Plan.

32. After being placed on the Corrective Action Plan, Plaintiff was subjected to hyper-scrutiny by Mr. Russell and other employees of Defendant, including the designers, project managers, and other employees with whom Plaintiff worked. Defendant frequently

9. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

subjected Plaintiff to aggressive questions about his copy, including his choice of words and the length of his sentences. Defendant required Plaintiff to quadruple-check URLs and telephone numbers for accuracy, even on work product he did not originate. Defendant inundated Plaintiff with assignments with tight and condensed deadlines, causing even greater stress and anxiety, resulting in the need to seek medical treatment.

33.     On May 7, 2023, Plaintiff emailed Mr. Russell. In that email, Plaintiff wrote that with the excessive amounts of assignments he was receiving with tight and condensed deadlines, the hyper-scrutiny, the excessive and continuous criticism of his work, even on work product that he did not originate, and the emphasis on the unobtainable goal of perfect, error-free work product by him under the threat of termination, he felt he was being set up to fail.

34.     On May 24, 2023, Plaintiff filed a charge of discrimination and retaliation with the Oregon Bureau of Labor and Industries ("BOLI"). Plaintiff's complaint was served on Defendant on Friday, July 21, 2023.

35.     The following Monday, July 24, 2023, Defendant's management decided to terminate Plaintiff's employment.

36.     On Friday, July 28, 2023, Defendant, through Justin Russell and Sara Salo, informed Plaintiff that his employment was terminated. Defendant also notified Plaintiff that it was ending the group health insurance, provided to him as an employee benefit, on July 31, 2023. Defendant required Plaintiff to walk out of the building escorted. Defendant denied Plaintiff access to his workstation to retrieve his personal belongings and some medicine that he kept on his desk.

10. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

# FIRST CLAIM FOR RELIEF

## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – Retaliation)

37. Based on the foregoing, Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, et seq. ("Title VII").

38. Based on the foregoing, Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

39. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

40. Plaintiff engaged in protected activity, including complaining about and opposing Defendant's discriminatory treatment and failure to remedy discriminatory treatment.

41. Defendant knew about Plaintiff's protected activity and subjected Plaintiff to acts of retaliation and discrimination, including placing him on a Corrective Action Plan and terminating his employment because of Plaintiff's protected activity.

42. Defendant's actions were intentional or undertaken with reckless indifference to Plaintiff's rights.

43. As a result of Defendant's violation of Plaintiff's rights, Plaintiff suffered damages, including but not limited to economic and noneconomic damages, including lost wages and benefits and emotional distress.

44. As a further result of said violation, Plaintiff has incurred, and continues to incur, attorney's fees and costs.

11. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

45.     Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

46.     Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

47.     Plaintiff also seeks an award for such additional relief as justice may require.

## SECOND CLAIM FOR RELIEF

## (AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967)

48.     Based on the foregoing, Defendant retaliated against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.

49.     Plaintiff engaged in protected activity by complaining about discriminatory employment practices.

50.     Defendant discriminated against Plaintiff by changing the terms and conditions of his employment, including terminating his employment, in violation of 29 U.S.C. §623(a).

51.     Defendant knew about Plaintiff's protected activity and subjected Plaintiff to acts of retaliation, including placing him on a Corrective Action Plan and terminating his employment because of his age.

52.     Defendant's actions were reckless or willful.

53.     As a result of Defendant's actions, Plaintiff suffered damages, including but not limited to, loss of wages and benefits and emotional distress.

54.     As a further result of Defendant's actions, Plaintiff has incurred, and continues to incur, attorney's fees and costs.

12. COMPLAINT AND DEMAND FOR JURY TRIAL

| Law Offices of Daniel Snyder | Madsen, Prestley & Parenteau, LLC |
|---|---|
| Attorneys at Law | 402 Asylum Street |
| 1000 S.W. Broadway, Suite 2400 | Hartford, Connecticut 06103 |
| Portland, Oregon 97205 | Telephone: (860) 246-2466 |
| (503) 241-3617 Fax (503) 241-2249 | |

## THIRD CLAIM FOR RELIEF

### (ORS 659A.030(1)(A)(B) – Discrimination on the Basis of Age)

55. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

56. Defendant is an "employer" within the meaning of O.R.S. 659A.001(4) and O.R.S. 659A.030.

57. In violation of O.R.S. 659A.030 (1), Defendant discriminated against Plaintiff concerning the terms and conditions of their employment because of Plaintiff's age as alleged above.

58. Defendant was aware of this but refused and failed to take action to remedy the discrimination, harassment, and hostile work environment Plaintiff was forced to endure.

59. As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and noneconomic damages. Plaintiff is entitled to damages, attorney fees, costs, and interest as alleged below.

## FOURTH CLAIM FOR RELIEF

### (ORS 659A.030(1)(f) – Retaliation)

60. Based on the foregoing, Defendant violated Plaintiff's rights under Oregon Revised Statutes Chapter 659A.030(1)(f).

61. Defendant is an "employer" within the meaning of O.R.S. 659A.001(4) and O.R.S. 659A.030.

62. Plaintiff engaged in protected activity by opposing discriminatory employment practices.

13. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

63. Defendant knew about Plaintiff's protected activity and subjected Plaintiff to acts of retaliation, including placing him on a Corrective Action Plan and terminating his employment because of his protected activity.

64. As a result of Defendant's actions, Plaintiff suffered damages, including but not limited to loss of wages and benefits and emotional distress.

65. As a further result of Defendant's actions, Plaintiff has incurred, and continues to incur, attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF

### (ORS Chapter 659A.199 – Whistleblower)

66. Plaintiff re-alleges paragraphs one through thirty-four above as though fully restated herein.

67. Plaintiff reported to Defendant conduct that Plaintiff believed was evidence of a state and federal law violation.

68. Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff. Defendant's actions violated O.R.S. 659A.199, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

69. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

70. Plaintiff is entitled to equitable relief, including but not limited to a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

14. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

71. The plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future financial losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

72. Plaintiff is entitled to noneconomic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded noneconomic damages in an amount determined fair by a jury.

73. Plaintiff is entitled to a declaration that the conduct of the Defendant violated O.R.S. 659A.199.

74. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with Defendant and an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated and awarded past economic damages in an amount determined fair by a jury.

75. If reinstatement is inappropriate, then Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

76. Plaintiff is entitled to noneconomic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded noneconomic damages in an amount determined fair by a jury.

15. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

77. The Court should enter an order declaring that Defendant violated O.R.S. 659A.199.

78. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

79. Pursuant to O.R.S. Chapter 659A and ORS 20.107, the Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

80. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendant:

A. A sum that will fully compensate Plaintiff for his noneconomic damages in a sum that is just as determined by a jury;

B. A sum that will fully compensate Plaintiff for his economic damages in a sum that is just as determined by a jury;

C. Equitable Relief;

D. Plaintiff's costs and disbursements incurred herein;

/////

/////

/////

/////

16. COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466

E. Plaintiff's attorney fees; and

F. For such other and further relief as the Court may deem as just and equitable.

/s/ Daniel Snyder
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Paul Bastian, OSB No. 062706
paul@lawofficeofdanielsnyder.com
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

And

William G. Madsen (pro hac vice pending)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford CT 06103
Phone: (860) 246-2466
Fax: (860) 246-1794
wmadsen@mppjustice.com

Attorneys for Plaintiff

17. COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Madsen, Prestley & Parenteau, LLC**
402 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 246-2466